## Mc Goon vs. Irvin.

1. EVIDENCE—MESSAGE AND ANSWER. Where a party sends a message to another by a third, in reference to any matter or transaction between them, and the party receiving it gives it in evidence, he may also show in support of his case, and as part of the *res gesta*, and as an inseparable incident of the message, what answer he gave to it.

2. EVIDENCE. In an action against a father to recover for necessaries, etc., furnished to his minor children, it is competent to prove the circumstances and ability of the father, in order to determine whether the articles furnished, maintenance, etc., corresponded with his position in life and his duty to his children.

3. SAME. Mere neighborhood notoriety or rumor is not, as a general rule, admissible in evidence to prove any fact; such evidence may be received to prove marriage, and from necessity in a few excepted cases.

4. LIABILITY OF PARENTS TO SUPPORT THEIR CHILDREN. Parents are bound by law to maintain and support their minor children, and where a parent permits a stranger to maintain, support and instruct his minor children, and in no way objects to it, but rather assents to it, the law will imply a promise on his part to pay for the same.

5. SAME. McG. procured a legislative divorce from his wife, and left the minor children of the marriage in the family of a third person to be supported, and the mother afterward obtained the custody of the children without his knowledge or consent and refused to give them up on demand made on behalf of their father. Afterward she intermarried with I., and the children were supported and educated by him.

In an action by I. against McG., to recover for their support, etc., *held*, 1. That McG. had a legal right to the custody of the children, but as he had not attempted to assert it as against I., the law would presume that McG. assented to their being in the control and custody of I.'s wife, their mother, and that I. could recover though the act of the mother in obtaining the custody of the children before her second marriage might have been wrongful.

ERROR to the District Court for *Dane* County.

*Irvin* brought an action of assumpsit against *McGoon* to recover for supporting, educating and instructing the infant children of the defendant, and for necessaries, etc., furnished the said infants. The defendant pleaded *non-assumpsit*. At the trial, the plaintiff proved by one Deering, that at the request of the defendant, he went to the plaintiff to inform him where and upon what terms the children might be educated. Plaintiff's counsel asked witness what reply was made by the plaintiff to such message. The defendant objected to the question, but the court allowed it to be answered. The plaintiff also asked this witness what were the circumstances and ability of the defendant to pay for supporting and educating his children. The defendant objected to the question, but the court allowed it to be answered.

The defendant in his defense, asked a witness called by him, "Was it, or was it not, a matter of notoriety in the neighborhood, where the plaintiff lived before the time of his marriage with Mrs. McGoon, that the defendant had made and was making efforts to recover possession of his children in the custody of Mrs. McGoon, the now wife of the plaintiff, and that the children were by her kept from him ?" The question was objected to by the plaintiff, and the court sustained the objection. It appeared in evidence on the part of the defendant, that previous to the plaintiff's marriage with Mrs. McGoon, the defendant had been divorced from her by act of the legislature of Illinois, January 15, 1836 ; that the defendant had placed the children with one John White, in his family, to be boarded, clothed and educated at the

defendant's expense ; that soon after, and before her mar-
riage with the plaintiff, Mrs. McGoon, without the
knowledge or consent of White, took the children away ;
that soon afterward White demanded the children of her
and she refused to give them up, and again, before her
marriage with the plaintiff, White went at the request of
the defendant, and made another demand of Mrs.
McGoon for the children, and that she kept them until
her marriage with the plaintiff, after which they lived in
his family. The court at the request of the plaintiff,
instructed the jury : 1. "That the detention of the chil-
dren by Mrs. McGoon previous to her marriage with the
plaintiff, whether such detention was tortious or not, can
in no way affect the plaintiff in this form of action. 2.
" That if the jury believe from the testimony that neither
the defendant, nor any other person for him ever made a
demand of the children from the plaintiff, or warned the
plaintiff against their maintenance, and that the defend-
ant knew that his children were being maintained by the
plaintiff, the defendant is liable for such maintenance."

The defendant moved the court to instruct the jury

" That if the testimony proves that the wife of the
plaintiff had the children of the defendant at the time of
her marriage with the plaintiff, and that her custody and
possession of the children was without the consent and
against the will of the defendant, and that the plaintiff
then took the children with the mother into his family
without the consent or request of the defendant, and
never since that time notified the defendant to take them
away or become responsible for their maintenance, that
the defendant is not liable to the plaintiff as claimed and
set forth in the plaintiff's declaration."

The court refused to so instruct the jury. Verdict for
the plaintiff for $510.25.

The defendant moved for a new trial for error in the
instructions given and for refusing the instruction asked.
The motion was denied, and the plaintiff had judgment

and these several rulings of the court were assigned for error.

*A. Hyatt Smith*, for plaintiff in error.

1. It was not competent for the plaintiff to give in evidence to support his case, his reply to the message sent to him by the defendant through Deering. *La Farge* v. *Kneeland*, 7 Cow. 459 ; *Whitney* v. *Bigelow*, 4 Pick. 110 ; *Carter* v. *Gregory*, 8 id. 165 ; *Roseboom* v. *Billington*, 17 Johns. 182 ; 1 Dallas, 118 ; Cowen and Hill's Notes to Phil. Ev. 154.

2. The first instruction to the jury was erroneous. The defendant was entitled to the custody of his children. 4 Ad. & E. 624 ; 19 Wend. 16.    The custody of the wife being against the will of the defendant was illegal, and she could transmit no other than an illegal possession to the plaintiff after her second marriage, and the law will not imply a promise in such a case. *Bates* v. *Conklin*, 10 Wend. 390 ; *Mooers* v. *Wait*, 3 id. 104; 5 B. & Ald. 826 ; Selwyn's N. P. 58 ; 5 Johns. 272. The services of the plaintiff were voluntary, and however beneficial, the law will not imply a promise. *Bartholomew* v. *Jackson*, 20 Johns. 28 ; *Munford* v. *Brown*, 6 Cow. 475 ; 10 Johns. 249 ; 12 Pick. 223.

3. The court erred in giving the second instruction to the jury, and in refusing the one asked by the defendant. The defendant was not bound to demand the children or give notice of the facts to the plaintiff.    The fact that they were absent from the domicile of the father was sufficient to put him on inquiry, and affected him with knowledge of the cause ; and if absent, without sufficient legal cause, they carried with them no credit. *Blackburn* v. *Mackey*, 1 Carr. & P. 1 ; *Rolfe* v. *Abbott*, 6 id. 286 ; *Clements* v. *Williams*, 8 id. 58 ; 2 id. 507 ; 3 id. 15 ; 2 Starkie, 501 ; 10 Mass. 28 ; 4 Ad. & E. 899.

*F. J. Dunn*, for defendant in error, cited *Fenner* v. *Lewis*, 10 Johns. 41 ; *Hurd* v. *Pendridge*, 2 Hill, 502 ; *Murray* v. *Bethune*, 1 Wend. 191 ; 8 Pick. 165 ; 13 Johns.

480 ; 18 Wend. 637 ; 25 id. 65 ; 19 id. 16 ; 2 Mass. 415 ; 4 id. 97.

DUNN, C. J.   This was an action of trespass on the case on promises, brought by *Irvin*, plaintiff below, against *McGoon*, defendant, in the district court of Iowa county, and tried on change of venue, in the district court of Dane county.

The plaintiff in error, *McGoon*, assigns the following errors to the decisions and rulings of the district court of Dane county, on the trial of the cause, viz. :

1. In allowing the witness of plaintiff *Irvin* to answer the following question :   " What reply was made by said plaintiff to said witness in answer to such message ?"

2. In allowing said witness to answer the following question :   " What were the circumstances and ability of defendant to pay for supporting and educating his children ?"

3. In refusing to permit a witness on the part of defendant *McGoon* to answer the following question :   " Was it or was it not a matter of notoriety in the neighborhood where the plaintiff lived, before the time of his marriage with Mrs. McGoon, that defendant had made and was making efforts to recover possession of his children, in the custody of Mrs. McGoon, the now wife of plaintiff, and that the children were kept by her from him ?"

4. In instructing the jury :   " That the detention of the children by the wife of the defendant previous to her marriage with the plaintiff, whether such detention was tortious or not, can in no way affect the plaintiff in this form of action."

5. In instructing the jury :   " That if they believe from the testimony that neither the defendant, nor any other person for him, ever made a demand of the children from the plaintiff, or warned the plaintiff against their maintenance, and that the defendant knew that his children were being maintained by the plaintiff, the defendant is liable for such maintenance."

6. In refusing to instruct the jury : "That if the testimony proves that the wife of the plaintiff had the children of the defendant at the time of her marriage with the plaintiff, and that her custody of the children was without the consent of the defendant, and against his will, and that the plaintiff then took the children with the mother into his family, without the consent or request of the defendant, and never since that time has notified the defendant to take them away or become responsible for their maintenance, that the defendant is not liable."

On the first error assigned, it appears from the testimony returned, that the defendant sent a message to the plaintiff, informing him "where and upon what terms the children might be educated at the defendant's expense." The reply to the message was an inseparable part of the *res gesta*, and was properly admitted. It does not infringe the rule, "that the declarations of a party shall not be used by him to support his action or defense." The defendant caused the message and must abide its inseparable and necessary incidents.

The circumstances and ability of the defendant were a proper inquiry. The law will presume that a man of great means will have his children more tenderly nurtured and carefully educated than one of limited means, and raises a corresponding liability. *Van Valkenburgh v. Watson*, 13 Johns. 480.

The court properly refused the defendant's question about the neighborhood notoriety of his efforts to regain possession of his children from their mother, before her intermarriage with the plaintiff. This is a fact very susceptible of direct proof, if it existed, and neighborhood rumor or notoriety, the most vague and uncertain of all the tests of truth, should not be received. In a few excepted instances, from necessity, such evidence is received. The relation of husband and wife may, in some cases, be established by proof that they were accepted and received and lived together as husband and wife in the community where they had resided for a

length of time. And again, in any view of the case this notoriety should be brought home to the knowledge of the plaintiff, by the fact that he lived in the neighborhood, or frequently visited it, or some other fact. Nothing of the kind appears in the evidence returned.

That the *tortious* acts of the plaintiff's wife before marriage with him do not prejudice his right of recovery in this form of action, is too plain a legal proposition to require elucidation.

The instruction objected to in the fifth assignment of error was in our opinion properly given. By every principle of law upon the subject, recognized and strengthened by our statute, parents are under legal obligation to maintain and support their children, who are of tender years and helpless.

And when a parent permits a stranger to maintain, support and instruct such children, in no way objecting to the act, but rather assenting and advising therein, the law will presume that he knows his obligations, accepts the services and assumes to pay. 16 Johns. 285 ; 13 id. 480 ; 1 Esp. 17 ; 1 Black. Com. 360 ; 2 Kent's Com. 190 ; 4 East, 82 ; 4 Wend. 403 ; Rev. St. 132.

The instruction refused, as assigned in the sixth error, was properly refused, for the reasons already adverted to, and for the further reason that the testimony returned in the case, with the bill of exceptions, does not raise the point on which the instruction is asked, so far as the real plaintiff in the action is concerned.

The plaintiff, upon his marriage, found the children with the mother, who by nature, in view of their tender years and helplessness, was a proper person to have charge of them. There was nothing in this to induce the plaintiff to suspect that the children were with the mother against the consent of the father, but much to satisfy him of the contrary ; that they were with the mother by the consent of the father, if he were possessed of proper natural feelings. And there was no duty or

obligation on the plaintiff to notify the defendant to take the children away, or leave them to suffer until he could see the defendant and make an *express* contract about their support and maintenance. Such a course would have merited the reprobation of every humane and upright man. The defendant had the legal right to the possession, and could have enforced it at any time. He should have first moved in the matter, and on failure to do so, the law would presume that possession elsewhere was with his approbation and consent. *Rawlins v. Van Dyke*, 3 Esp. Cases, 212 ; *Staunton v. Wilson*, 3 Day, 37 ; 1 Black Com. (top page) 370, note 3.

We are of opinion that the judgment of the district court be affirmed, with costs, and seven per cent damages on the amount recovered by the plaintiff below. Ordered accordingly.