JOHN S. POOLE, plaintiff in error, *vs.* JOSEPH W. WILKINSON, defendant in error.

| | |
|---|---|
| 42 | 539 |
| 122 | 508 |

| | |
|---|---|
| 42 | 539 |
| e129 | 754 |

Where there was a suit pending in a Justice's Court, and the defendant moved to continue, on account of the absence of a witness, the payee of the note, by whom he could prove that the note was given in liquidation of a debt due to the payee, for medical services rendered by him to the defendant's ward, and that it was not the intent of the parties, in giving or taking of the note, to bind the defendant, personally, for the debt:

*Held*, That there was nothing in this evidence, as stated, to show such a mistake, either of law or fact, as to authorize a reformation of the note, and the continuance was properly overruled.

Promissory Notes.　Mistake.　Guardian.　Before Judge ANDREWS.　Wilkes Superior Court.　June, 1870.

In 1862, Poole gave to Dr. Walton his promissory note, payable to bearer, and signed " J. S. Poole." Wilkinson sued Poole on this note, in a Justice's Court. Poole pleaded that said note was given for the settlement of a debt due by his ward, W. N. T. Jones, and was only intended, and so understood when given, to bind her property and not his, and that Wilkinson took the same after it was due. He moved to continue the case to prove this plea to be true. The Justice refused the continuance, and gave judgment against Poole. He took the case before the Superior Court by *certiorari*. There the *certiorari* was dismissed, upon the ground that the plea set up no defense to the action, and that evidence was not admissible to show that the note was not to bind Poole, individually. This is assigned as error.

W. M. & M. P. REESE, by L. E. BLECKLEY, for plaintiff in error.  Mistake in paper corrected in equity: R. Code, sec. 3067; 30 Ga. R., 191, 948; 11th, 171; 1st, 12 and 240. Same, at law, in Georgia: R. Code, secs. 3027, 3041; 37 Ga. R., 364.  Guardian may give such note as not to bind him, personally: Story on Prom. Notes, sec. 63; 39 Ga. R., 130.

D. M. DuBOSE, by R. TOOMBS, for defendant.

McCAY, J.

We have no doubt but that, under our law, the defendant, in a suit in a Justice's Court, may set up any defense that would be good in a Court of Equity: *Mordecai vs. Stewart,* 37 Georgia Reports, 365.   But the defense must be distinctly set up, so that the right to relief in equity shall clearly appear by the pleas.   Would a Court of Equity reform this note, under the facts as stated?   Was there here such a mistake, either of law or fact, as gives either party an unconscientious advantage over the other?  Revised Code.

This was a debt due by the guardian to Walton, for medical services rendered the ward.   *Prima facie* the guardian was personally liable upon it.   We know of no law to authorize a suit at law against the guardian *as such,* for such a debt.   Perhaps if the guardian were insolvent, and it could be proven that the services were necessary to the ward or the estate of the ward, equity might grant relief, and cause the the debt to be paid out of the ward's property.   But, *prima facie,* such a debt as this is claimed to be, is a personal debt of the guardian.   It is true, if he pays it, he may charge his ward with it, but there is no legal privity between the creditor and the ward.

To make out the case the plea and the evidence ought to show, not only that the debt was for services rendered the ward, but that they were rendered on *the credit* of the ward's estate, and not on the credit of the guardian.  Perhaps, if

that had been alleged, the defense was good. But the allegation that it was not the intent of the parties in *giving* or *taking* the note to charge the guardian, does not negative the idea that the guardian was chargable with the debt, at the time it was contracted.

Judgment affirmed.