RUFUS E. STETSON, Plaintiff, Respondent, *v.* JOHN RUSSELL, Defendant, and RALPH RUSSELL, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, November 11, 1927.

Parent and child — liability for medical services — action to recover value of medical services rendered infant son — action is against son who is now more than twenty-one — evidence does not show ratification by infant or inability or refusal of father to pay for services — judgment for plaintiff reversed.

In this action to recover for medical services rendered defendant's son, at a time when he was an infant, it appears that the father, though made a defendant in the action, was never served, so that the action now is against the son who is more than twenty-one years of age. In the absence of evidence of any ratification by the son after he became of age, together with plaintiff's failure to prove the father's refusal or inability to pay for the services, the judgment heretofore rendered in plaintiff's favor must be reversed.

APPEAL by defendant, Ralph Russell, from judgment of the Municipal Court, Borough of Manhattan, Ninth District, in favor of plaintiff.

*Eugene V. Daly,* for the appellant Ralph Russell.

*Schaffer & Lake [Morris P. Schaffer* of counsel], for the respondent.

PER CURIAM. The action was brought against defendants John Russell and Ralph Russell to recover the reasonable value of medical services claimed to have been rendered by plaintiff to Ralph Russell, the son of John Russell, in operations for blood transfusion upon the defendant Ralph Russell. The evidence shows that at the time of the alleged operations the defendant Ralph Russell was an infant twenty years of age residing with his father, the codefendant, upon whom the primary obligation for the payment of such services is imposed by law. John Russell was never served in this action and the case proceeded solely against Ralph Russell, who was twenty-one years of age at the time of the commencement of the action.

There is no evidence of any ratification by Ralph Russell after he became of age. In order to fasten any liability upon the defendant Ralph Russell for said alleged services rendered to him in his infancy it was absolutely necessary for the plaintiff to prove, in the absence of any ratification by the infant when he became of age, not only that the services so rendered were necessaries furnished to the infant, but that the father was not financially able to discharge the obligation for such services, or failed to discharge his duty in furnishing medical services, or that he was

unwilling to furnish such services, or would not pay for them. (*International Text Book Co.* v. *Connelly*, 206 N. Y. 188, 195; *Goodman* v. *Alexander*, 165 id. 289; *Murphy* v. *Holmes*, 87 App. Div. 366; *Potter* v. *Thomas*, 164 N. Y. Supp. 923.) This the plaintiff failed to do.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, DELEHANTY, LYDON and CRAIN, JJ.