HOARD, Respondent, vs. GILBERT, Appellant.

*September 17—October 13, 1931.*

The cause was submitted for the appellant on the brief of *A. W. Lueck* of Beaver Dam, and for the respondent on that of *Hooker & Wagner* of Waupun.

NELSON, J. This is an appeal from an order of the circuit court for Dodge county overruling the defendant's demurrer to the plaintiff's complaint.

The complaint, omitting its formal parts, consists of but a single paragraph and is as follows:

"1. That since the 16th day of April, 1927, and prior to the 21st day of June, 1930, said defendant was indebted to one Josephine Dittburner in the sum of six thousand dollars for the support and maintenance of his infant son, James Leroy Gilbert, for the period of fifteen years from the 16th day of April, 1912, to said 16th day of April, 1927; that on the 21st day of June, 1930, said Josephine Dittburner, for a valuable consideration, duly assigned said claim and all right of action thereon, and plaintiff is now the owner and holder thereof, and there is now due and owing to said plaintiff from said defendant the sum of six thousand dollars on said account."

The defendant demurred to the complaint on the ground that it appears upon its face that it does not state facts sufficient to constitute a cause of action. The court below held that the complaint stated a cause of action and entered an order overruling the demurrer, with leave to answer on terms.

The defendant contends that the action of the court below in overruling his demurrer was error.

The defendant, among other things, contends that the complaint fails to state a cause of action because it is not alleged therein that defendant's infant son was supported at the request of the defendant or with his knowledge and consent, or that, knowing of such support, he assented

thereto, and that no notice to the defendant of the assignment by Josephine Dittburner is pleaded.

Sec. 263.03, Stats., provides that the complaint shall contain "(2) A plain and concise statement of the facts constituting each cause of action, without unnecessary repetition." It is, of course, elementary that a court, in determining whether a complaint states a cause of action, must give to its several allegations a liberal construction. Sec. 263.27, Stats. But it is also elementary that a court cannot supply essential allegations which are omitted or lacking in a pleading.

A reading of the complaint clearly reveals that the pleader did not attempt to state a cause of action based upon express contract. Did he intend to state a cause of action based upon implied contract? Viewing the complaint in the latter light and giving it a liberal construction as we must do, does it contain a plain and concise statement of facts constituting a cause of action? The answer to this question must rest upon a consideration of the law relating to the liability of a parent for the support of his infant child.

It was early held in *McGoon v. Irvin,* 1 Pin. 526, that parents are under legal obligation to maintain and support their children who are of tender years and helpless. In that case the liability of a father to the husband of the divorced wife of the former, for the support of his infant children, was sustained, the court stating the law applicable to be as follows: "And when a parent permits a stranger to maintain, support, and instruct such children, in no way objecting to the act but rather assenting and advising therein, the law will presume that he knows his obligations, accepts the services, and assumes to pay." The same rule was stated somewhat differently in *Judge v. Barrows,* 59 Wis. 115, 17 N. W. 540, as follows: "A father is liable for necessaries furnished his infant child only upon an express promise, or

upon proof of circumstances from which a promise may be implied." To the same substantial effect is *Zilley v. Dunwiddie,* 98 Wis. 428, 74 N. W. 126, where the liability of the father's estate to a divorced wife who had supported the children (the court granting the divorce having made no order as to their support) was sustained, the court saying (p. 435) : " 'The defendant had the legal right to possession, and could have enforced it at any time. He should have first moved in the matter, and, on failure to do so, the law would presume that possession elsewhere was with his approbation and consent.' " In the case just cited the court apparently approved of the following doctrine (p. 435) : "If a minor is forced out into the world by the cruelty or improper conduct of the father, necessaries may be supplied, and the value thereof may be recovered from the parent." In *Carpenter v. Tatro,* 36 Wis. 297, it was said : "The boy was about ten years of age when he left his father's home, and if he was driven away by cruel treatment, there is certainly very high authority for holding that the defendant was under a legal liability to pay for his support." The decision in that case, however, did not rest on that ground. In *Monk v. Hurlburt,* 151 Wis. 41, 138 N. W. 59, it was held that the law implies a promise where a parent, with full knowledge of the facts and without objection, allows and approves of his child being furnished with necessaries.

It appears from a consideration of these cases that liability of a parent for the support of his infant child, in the absence of an express promise to pay therefor, may be predicated upon (1) facts showing that the infant has been forced out into the world by the cruelty, neglect, or improper conduct of the father; (2) facts showing that a parent, with full knowledge of the facts and without objection thereto, approved of the furnishing of support to his infant child;

and (3) facts showing that the parent has permitted a stranger to maintain, support, and instruct his infant child, in no way objecting to the act but rather assenting thereto and advising therein.

It is very apparent that the complaint herein is fatally defective in failing to allege either an express promise to pay a definite amount for the support furnished or the reasonable value thereof; or in failing to allege facts such as knowledge of and assent to the furnishing of such support; or facts tending to show cruelty, neglect, or other improper conduct on the part of the parent from which an agreement to pay the reasonable value of such support may be implied by law. The only allegation of the complaint that may be suggested as curing its otherwise obvious shortcomings is the allegation "that since the 16th day of April, 1927, and prior to the 21st day of June, 1930, said defendant was indebted to one Josephine Dittburner in the sum of six thousand dollars for the support and maintenance of his infant son." In no reasonable construction of this language, however, can we spell out of it the allegation of facts necessary to a cause of action of this nature. The allegation that "said defendant was indebted" to plaintiff's assignor is nothing more nor less than a conclusion of law. 49 Corp. Jur. p. 49, § 20; *Williams v. Brunson,* 41 Wis. 418; *State v. Egerer,* 55 Wis. 527, 13 N. W. 461. See, also, 49 Corp. Jur. (Pleading), p. 46, § 18, where it is said: "A pleading which depends on conclusions of law, without stating the facts on which they are based, is fatally defective. In other words, a conclusion of law cannot obviate the necessity of setting out essential facts." (Citing numerous authorities.) The allegations above quoted cannot supply or operate to supply the necessary but omitted allegations of essential facts showing a cause of action in favor of one who has rendered support to an infant child of another.

Having reached the conclusion that the complaint fails to state a cause of action, it becomes unnecessary for us to consider the other contentions of the appellant.

*By the Court.*—Order reversed, with directions to enter an order sustaining the demurrer to the complaint herein.