## C. W. Louis Hacker, Plaintiff, *v.* Anonymous, Defendant.

City Court of Albany, July 27, 1937.

*Malcolm D. Springer*, for the plaintiff.

*Harry A. Allan*, for the defendant.

DeStefano, J. Plaintiff, a physician, sues defendant to recover for professional services rendered his wife (now deceased) during pregnancy in 1935. On the trial it was established that the services were rendered before the marriage of defendant and his wife, that a child was born out of wedlock, and that the defendant is the father of same. The marriage did not take place until 1937, more than a year after the birth of the child. Defendant now

contents that he is not liable because he never authorized the services, and not being married at the time he disclaims liability for her expenses and confinement, even though he was responsible for her condition. No dispute arises here as to the necessity or value of the services rendered, nor that the patient informed the plaintiff that she was defendant's wife at the time.

Ordinarily a husband is not liable for necessaries furnished his wife prior to the marriage. (*Levy Leasing Co., Inc.,* v. *Cohen,* 145 Misc. 810.)

But here we are dealing with the obligations of a father for a child born out of wedlock. The Legislature in enacting article VIII of the Domestic Relations Law has provided, section 120, that " The father is liable to pay the expenses of the mother's confinement and recovery, and is also liable to pay such expenses in connection with her pregnancy as the court in its discretion may deem proper."

Under this section it matters not whether the parties *ever* married. It imposes liability in no uncertain terms on the father after the paternity of the child has been established, and the responsibility of the father for the expenses of the mother's confinement and recovery became absolute.

Judgment for plaintiff in the sum of forty-six dollars.