TITUS, d/b/a TITUS PLUMBING & ELECTRIC COMPANY, Respondent, v. POLAN, Appellant.

*No. 75-61. Submitted on briefs March 4, 1976.—*
*Decided April 7, 1976.*
(Also reported in 240 N. W. 2d 420.)

For the appellant the cause was submitted on the brief of *Nicholas C. Grapsas* and *Roy E. Berg Law Office* of Janesville.

For the respondent the cause was submitted on the brief of *T. P. Bidwell* of Janesville.

WILKIE, C. J. This appeal presents the issue whether the evidence shows an agreement, express or implied, by the defendant to pay for the materials furnished and services rendered by the plaintiff.

The judgment appealed from affirmed a small claims judgment of the county court of Rock county in an action for the price and installation of the submersible pump motor. Plaintiff sold a pump to the defendant, and installed it during November of 1973. The pump failed in August of 1974, and the motor had to be replaced.

The plaintiff testified that the defendant called him for the purpose of servicing the pump. As a result of the call, it was determined that the motor was defective. The plaintiff testified that his inspection disclosed that the motor had a short in the windings and the stator was inoperable. Since the failure occurred within the manufacturer's warranty period, he returned the motor to the distributor. The distributor declined to honor the warranty, without explanation. Plaintiff then billed defendant for the cost and installation of the replacement motor. Plaintiff testified that he did not give a warranty.

The defense was based upon the defendant's testimony that he noticed the control box from the old pump motor had a label reading 110 volts. The proper control box for that motor was a 220 volt box. There was testimony that the motor would run on a 110 volt line but would soon burn out. In addition, problems with the motor would be noticeable immediately. The motor in this case lasted about seven months before it failed. Plaintiff's testimony contradicted this defense, in that it showed the motor was defective when installed, and its condition was not the result of improper voltage control. Moreover, plaintiff testified that it was common to substitute parts in a voltage control box so as to change the voltage rating, but not to change the label.

The trial judge held an agreement to pay for the new pump motor installation had been proved, and that the

motor would have burned out earlier, had there been a lower voltage control box than the motor was designed for. The judge also noted that the plaintiff denied giving any warranty, and concluded that the defendant's remedy for the defective motor lay against the manufacturer on its warranty. Judgment was granted to the plaintiff.

We do not agree that an express agreement to pay for the pump motor and installation was proven. The only evidence relating to an agreement to pay was plaintiff's testimony that defendant requested a service call on the pump. There is no testimony that defendant was informed of the problem with the motor and agreed to pay for a replacement. In fact, defendant was not billed for the replacement motor until after the distributor refused to honor the warranty. Therefore, the trial court's finding of an express agreement to pay for the replacement motor and installation is against the great weight and clear preponderance of the evidence.

The next question is whether an agreement to pay for the motor and installation should be implied. Recovery in quasi-contract is allowed when the plaintiff has conferred a benefit on the defendant, and it would be inequitable to allow the defendant to retain the benefit without paying for it.[1] We hold that it is not inequitable to allow the defendant to retain the benefit without paying for it under the facts of this case, and therefore decline to imply an agreement.

There is no question that the plaintiff is a merchant engaged in selling goods of the type involved in this case. Under sec. 402.314, Stats., there is an implied warranty that these goods shall be merchantable. The warranty of merchantability includes fitness for the ordinary purpose for which the goods are used.[2] There is no evidence that this implied warranty of merchantability

[1] *Hicks v. Milwaukee County* (1976), 71 Wis. 2d 401, 238 N. W. 2d 509.

[2] Sec. 402.314 (2) (c), Stats.

was excluded or modified in this case.[3] The plaintiff by his own testimony showed that the pump sold and installed in November of 1973 was not merchantable. We think it is not inequitable for the defendant to retain the replacement motor without paying for it or its installation, leaving the plaintiff to his remedies on the express warranty.

*By the Court.*—Judgment reversed and cause remanded with directions to reverse the judgment of the county court and order dismissal of the complaint.

