## 20563

**GREENVILLE HOSPITAL SYSTEM, Respondent, v. Jane SMITH, as guardian for Kenneth Robert Smith, a minor, Appellant.**

(239 S. E. (2d) 657)

*Jesse M. Ray and Ray D. Lathan of Brissey & Lathan,* Greenville, *for Appellant,*

654

*Robert C. Wilson, Jr. of Haynsworth, Perry, Bryant, Marion and Johnstone,* Greenville, *for Respondent,* █

December 8, 1977.

GREGORY, Justice:

Appellant was ordered by the Probate Court for Greenville County to pay for certain hospital services rendered by respondent to Kenneth Robert Smith, a minor, out of the minor's estate. This order was affirmed by the circuit court. At issue on appeal is the liability of a minor's estate for emergency hospital services when the minor is living with and being supported by his parents. We hold the minor is not liable unless the parents are unable to pay the reasonable value of the hospital services rendered and remand to the probate court for a determination of the parents' ability to pay.

On October 17, 1972, Kenneth was admitted to Greenville General Hospital for emergency treatment for head injuries. He was hospitalized for 87 days and was discharged on January 12, 1973. It was stipulated that the reasonable value of the hospital services Kenneth received was $9,039.25.

At the time of Kenneth's admission, his mother, Janie (sic) L. Smith, signed the admission form as a responsible party. The hospital's billing form listed Kenneth's father. Fred Clyde Smith, as a responsible party and all the hospital bills appear in the name of Kenneth's father.

While Kenneth was in the hospital two interim bills were filed with Mr. Smith, and after Kenneth was discharged monthly statements were mailed to Mr. Smith. The Smith's have failed to make any payment on their son's hospital bill and the record does not indicate whether this is due to their inability or their unwillingness to pay.

Kenneth recovered an unspecified amount of damages for the injuries he sustained in the accident that required his hospitalization. This sum was placed under the supervision of the Probate Court for Greenville County and Kenneth's mother was appointed general guardian for the minor's estate. After failing to receive sponsorship for Kenneth from the Greenville County Charity Services, the hospital initiated this action against the minor's estate and was awarded $9,039.25 by the probate court in payment of Kenneth's hospital bill. The order of the probate court was affirmed by the circuit court and this appeal followed.

Although a minor or his estate may be bound on an implied contract for necessaries, *Bouchell v. Clary,* 5 S. C. Law (3 Brev.) 194 (1815), and medical treatment is considered a necessary, *Saunders, Glover & Co. v. Ott,* 12 S. C. Law (1 McCord) 572 (1822), a minor or his estate cannot be held liable for the cost of necessaries unless his parents are unable to discharge their obligation of support. As stated in *Presley v. Davis,* 28 S. C. Eq. (7 Rich Eq.) 105 (1854):

A father is bound to maintain his infant children from his own estate, however ample may be their separate resources, and no allowance for this purpose will be made to him out of their estate. If he be unable to maintain them, the Court may order maintenance out of their own property, upon his petition for this purpose; the first point of inquiry being his ability to maintain them from his own estate. 28 S. C. Eq. at 109.

Mr. and Mrs. Smith have not pursued their right of action to seek recovery of the expenses they incurred for Kenneth's

medical and hospital treatment. [1] Except for their continued failure to pay, nothing in the record indicates Kenneth's parents are unable to pay the hospital bill. Absent such a showing, respondent must look to Mr. and Mrs. Smith for payment.

Respondent urges this Court to follow the rationale of the North Carolina Supreme Court in *Cole v. Wagner,* 197 N. C. 692, 150 S. E. 339 (1929):

The infant was seriously injured, and by fair inference was immediately taken to the hospital, and his life and usefulness was saved by hospital, medical, and surgical attention. It was an emergency, and quick action had to be taken. During the period of treatment, the father paid for no hospital, medical, or surgical treatment for the infant. It seems that he was either unable—at least, he did not provide for the infant. The circumstances were peculiar. The father did not provide this attention necessary to save his life and usefulness; the hospital did. The infant now has an estate, and it is unthinkable that the guardian of the infant should not pay the reasonable expense for saving the child's life and usefulness. 150 S. E. at 341.

Unlike the case at hand, however, in *Cole, supra,* the North Carolina Court permitted the recovery from the minor's estate because the estate consisted of damages recovered by the minor's guardian which included medical and hospital expenses.

In *Bailey v. Wagner,* 21 S. C. Eq. (2 Strob. Eq.) 1 (1848) this Court considered whether the sum of $8,000 bequeathed to the children of Charles Wagner could be used for the support and maintenance of the children while they were residing with their father. The lower court referred the

---

1. Kenneth's estate consists solely of the damages he recoverd for his personal injuries, and his doctor's bills and attorney's fees were paid out of this recovery. At oral argument appellant's counsel candidly advised the Court that any effort at seeking any additional award would be fruitless because the defendant is personally unable to respond in damages and all insurance coverage was exhausted by Kenneth's recovery.

matter to a master "to inquire whether the father of the said infants is of sufficient ability to maintain them." The master reported that the father was "in such indigent condition as to render him unable to support his infant children" and the lower court ordered that the children be maintained from their own estates. This Court affirmed that order.

We are of the opinion the procedure utilized in *Bailey* is appropriate to this case, and remand to the probate court to determine if Kenneth's parents are able to discharge their obligation to pay his hospital expenses.

If it is determined that Kenneth's parents are able to pay or furnish security for the payment of this obligation without further delay, the judgment and award of the lower court is reversed. If it is determined that Kenneth's parents are unable to pay or provide security for the payment of this obligation without further delay, the judgment and award of the lower court is affirmed.

Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.