STATE of Iowa ex rel., DEPARTMENT OF HUMAN SERVICES, Appellant,

v.

Patrick W. BROOKS, Fiduciary of the Conservatorship of Sally Ann Bolle, Appellee.

Sally Ann BOLLE, Conservatorship by Patrick W. Brooks, Individually, Appellees,

v.

STATE of Iowa ex rel., DEPARTMENT OF HUMAN SERVICES, Appellant.

No. 86–959.

Supreme Court of Iowa.

Sept. 23, 1987.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for appellant.

Patrick W. Brooks of Brooks, Ward & Trout, Marshalltown, for appellees.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ and LAVORATO, JJ.

McGIVERIN, Justice.

This appeal concerns the denial of a claim in probate brought by the Department of Human Services (DHS) of the

State of Iowa against the fiduciary of the conservatorship of Sally Ann Bolle and a declaratory ruling in an action brought by the conservatorship against DHS. The issue presented is whether DHS is subrogated to the proceeds of the personal injury judgment obtained against a Florida tortfeasor on behalf of Sally Ann Bolle, a minor who received medical assistance from DHS for care and expenses under Iowa Code chapter 249A (1985). We conclude, as did the district court, that DHS has no right of subrogation against the conservatorship; therefore, we affirm.

I. *Background facts and proceedings.* Four-year-old Sally Ann Bolle was struck by a car in Florida on December 4, 1981. Shortly after the accident, Sally and her parents returned to Iowa to live. DHS paid Sally's medical expenses pursuant to the Medical Assistance Act, Iowa Code chapter 249A (1981). The expenses discharged by DHS amounted to $24,198.14.

Sally's parents and a guardian on Sally's behalf sued the tort-feasor car driver in Florida. Under Florida law, parents must assert a claim for the medical expenses of a child. Prior to trial, Sally's parents withdrew as parties from the case because they feared the tort-feasor's defense, that Sally's parents were negligent in their supervision of her, would adversely affect Sally's claim. Consequently, the Florida case as submitted to the jury did not involve a claim for medical expenses, and evidence concerning those expenses was not admitted at trial. The jury returned a $200,000 verdict for Sally. Judgment was entered on the verdict and, following payment of costs and attorneys' fees, Sally's guardian received $110,472.36.

The Iowa district court for Marshall County appointed Patrick Brooks as conservator for Sally in 1985. The net proceeds from the Florida judgment were placed in the conservatorship. DHS filed its claim with the conservatorship for reimbursement of the medical assistance benefits out of the proceeds of the Florida judgment. Iowa Code § 633.653. The conservator disallowed the claim. Iowa Code §§ 633.439, 633.666. Near the same time,

Brooks filed a petition for declaratory judgment concerning the validity of the DHS claim under Iowa Code section 249A.6.

The cases were combined for trial by the district court and submitted on stipulated facts. The parties stipulated that "no recovery for medical care expenses was made as a part of the [Florida] jury verdict or otherwise."

The court held that section 249A.6 did not give DHS the right to reimbursement under the facts of this case and dismissed the DHS claim in the conservatorship. DHS appeals, claiming the court erred in its interpretation of section 249A.6 and that its common-law claim for reimbursement should have been allowed.

II. *Subrogation under the Medical Assistance Act.* The recipient of public assistance was not obligated at common law to reimburse the State for assistance provided. *Baker v. Sterling,* 39 N.Y.2d 397, 401, 348 N.E.2d 584, 587, 384 N.Y.S.2d 128, 130 (1976). The State could not institute suit against the recipient or others to recover amounts expended for the recipient. *Id.* at 401, 348 N.E.2d at 587, 384 N.Y.S.2d at 131. Congress and the state legislatures, however, have enacted provisions allowing limited reimbursement of medical assistance benefits. *See, e.g.,* 42 U.S.C. § 1396a(a)(25); Iowa Code § 249A.5, .6.

Congress established an entitlement program for the medically needy as a part of the Social Security Act. 42 U.S.C. § 1396a. Under the joint federal and state program the state must enforce its right of subrogation against persons legally liable to the benefit recipient for medical expenses incurred as a result of that liability. 42 U.S.C. § 1396a(a)(25).

To implement this requirement, the Iowa legislature enacted Iowa Code section 249A.6, which states in pertinent part:

When payment is made by the department [DHS] for medical care or expenses through the medical assistance program on behalf of a recipient, the department is subrogated, to the extent of those payments, to all monetary claims which the recipient may have against third parties

as a result of the medical care or expenses received or incurred.

DHS then adopted rules implementing the subrogation provision. The rules specify that DHS "may pursue its rights to recover either directly from any third party or from any recovery obtained by or on behalf of any medical assistance recipient." 441 Iowa Admin.Code 75.4(2).

To promote compliance with the subrogation provision, DHS also adopted a rule setting forth the consequences of a medical assistance recipient's failure to reimburse DHS from judgment or settlement amounts. *See* 441 Iowa Admin.Code 75.-4(3). Under the rule, the medical assistance benefits of a minor child cannot be terminated. If a parent's action on behalf of a minor child recipient adversely affected the subrogation rights of DHS, the parent's medical assistance benefits will be terminated. 441 Iowa Admin.Code 75.-4(3)(e). The rule further states:

> The recipient, or one acting on the recipient's behalf, shall refund to the department any settlement or payment received, that is intended to cover any medical expenses that would otherwise be paid by medical assistance.... In those instances where a parent or payee, acting on behalf of a minor ... fails to refund a settlement overpayment to the department, the medical assistance of the parent or payee shall be terminated.

441 Iowa Admin.Code 75.4(3)(f).

■ Under the statutory scheme, the state proceeds down one of two avenues for the recovery of medical assistance benefits paid for an individual when the legal liability for the injury rests with another individual: (1) action directly against the tort-feasor; or (2) claim against the settlement or judgment recovered by the medical assistance recipient. *Accord Hedgebeth v. Medford,* 74 N.J. 360, 365, 378 A.2d 226, 228 (1977). In this case, DHS claims to be subrogated to the minor's recovery for personal injuries against the Florida tort-feasor and sought to recover from the minor's award by filing a claim against her conservatorship.

The courts of New York have considered the subrogation interest of the state in the tort recovery of a minor child who received medical assistance from public funds. In *Baker v. Sterling,* a state agency sought reimbursement of medical assistance benefits from the child's recovery. The Court of Appeals of New York commented that the "portion [of a settlement] representing a compromise of the infant's claim for personal injuries is beyond the department's reach." 39 N.Y.2d at 406, 348 N.E.2d at 590, 384 N.Y.S.2d at 133. The court remanded the case for further consideration, noting that it was unclear whether or not the recovery included reimbursement for hospital and medical expenses.

In a memorandum opinion filed with *Baker,* the court affirmed the appellate court's holding in *Marsh v. LaMarco,* 46 A.D.2d 888, 361 N.Y.S.2d 691 (1974), *aff'd,* 39 N.Y.2d 397, 407, 348 N.E.2d 584, 591, 384 N.Y.S.2d 128, 134 (1976). In *Marsh,* an automobile struck a seven-year-old boy. The parties in the child's suit against the automobile driver settled the case for $9500. The boy's suit did not include a claim for medical expenses and his mother had not pursued the claim. Following settlement, the state agency that had paid the boy's medical expenses claimed it was subrogated to $2100 of the settlement amount. The appellate division of the New York Supreme Court stated: "Where medical expenses have not been included in an infant's settlement of his personal injury claim, the proceeds of the settlement are exempt from recoupment under [the statute]." 46 A.D.2d at 889, 361 N.Y.S.2d at 694; *cf. Estate of Rios,* 84 Misc.2d 437, 439, 375 N.Y.S.2d 269, 272–73 (1975) (if adult or his estate recovers by settlement amount or verdict the cost of medical assistance paid by a state social service agency, the department should be subrogated to the extent of the payments; however, when medical assistance benefits are not recovered, the department is not entitled to subrogation).

■ New Jersey recognizes that the legislative purpose of the medical assistance subrogation provision is "to prevent a 'dou-

ble recovery' by a Medicaid recipient who obtains Medicaid benefits, and then effects a recovery from a third party which includes payment for the same medical or hospital treatment." *Hedgebeth v. Medford*, 139 N.J.Super. 41, 45, 352 A.2d 267, 269 (1976) (per curiam), *aff'd*, 74 N.J. 360, 378 A.2d 226 (1977). This purpose also underlies the Iowa statutory subrogation provision.

DHS and Sally's conservator agree that the jury was not instructed to consider recovery for Sally's medical expenses. Clearly the stipulation states that Sally's recovery in Florida did not represent compensation for those medical expenses. DHS still contends, however, that it should be subrogated to any recovery Sally received as a result of her accident in Florida, not just specific recovery for medical expenses.

■ When a statute is clear on its face, we need not refer to rules of statutory construction to give the statute effect. *Koch v. Kostichek*, 409 N.W.2d 680, 684 (Iowa 1987). The terms of Iowa Code section 249A.6 are clear: "... [T]he department is subrogated ... to all monetary claims which the recipient may have against third parties *as a result of the medical care or expenses received or incurred.*" (Emphasis added.) This language guided the department in its adoption of a rule that states: "The recipient ... shall refund to the department *any settlement or payment received,* that is *intended to cover any medical expenses that would otherwise be paid by medical assistance.*" 441 Iowa Admin.Code 75.-4(3)(f) (emphasis added). In order for DHS to be subrogated to a recipient's recovery in a tort action, it must be intended that a portion of the recovery compensate the recipient for medical care and expenses.

When Sally's parents dropped their claims, including one for medical expenses, against the Florida tort-feasor, all parties and the Florida court understood that no claim for recovery for medical expenses was then involved in the case. DHS contends that allowing the withdrawal of a party from a case defeats the subrogation interest of DHS and undermines the statutory scheme; however, provisions are in place that allow DHS to recover from the third-party tort-feasor or to terminate the benefits of a parent acting on behalf of a minor child recipient who defeats the subrogation interest of DHS. *See* 441 Iowa Admin.Code 75.4. The present parties stipulated that Sally's fiduciary satisfied all provisions of Iowa Code chapter 249A requiring notification to DHS concerning the Florida litigation. Thus, DHS was able to take such further action as it deemed appropriate in that regard.

We affirm the trial court's declaratory ruling that DHS has no subrogation right under chapter 249A against the general judgment recovered for Sally's personal injuries because she asserted no claim against the tort-feasor for her medical expenses.

■ III. *Claim against conservatorship.* DHS argues that regardless of Iowa Code section 249A.6 the department should be entitled to recovery from the conservatorship because there are sufficient conservatorship funds to cover Sally's $24,198.14 medical bill. *See* Iowa Code § 633.-647(3)(b).

A. This argument is against the weight of authority, because the cases allowing recovery against a minor require inclusion of medical expenses in the child's recovery amount.

Courts that have faced this issue have begun with the general proposition that parents are responsible for the necessary medical treatment of their children. In Iowa, parents are chargeable with "[t]he reasonable and *necessary* expenses of the family...." Iowa Code § 597.14 (emphasis added). *See generally St. Luke's Medical Ctr. v. Rosengartner*, 231 N.W.2d 601, 602 (Iowa 1975) (medical and hospital expenses are expenses of the family). Sally Ann Bolle's parents were unable, however, to pay her medical expenses.

In *Cole v. Wagner*, 197 N.C. 692, 150 S.E. 339 (1929), the North Carolina Supreme Court held that an infant *may* be liable for necessary medical expenses even

though that child is living with a parent who has a duty to provide for the child. Numerous jurisdictions are in agreement. *See* Annotation, *Liability of Infant for Medical, Dental or Hospital Services to Him,* 71 A.L.R. 226 (1931); Annotation, *Liability of Infant for Necessaries Where He Lives with His Parents,* 70 A.L.R. 572 (1931). Later cases, noting that the medical treatment for the child in *Cole* was a substantial consideration in his judgment, have suggested that the *"Cole* rule" is limited to cases where the child's estate consists of damages which include recovery for medical and hospital expenses. *Madison Gen. Hosp. v. Haack,* 124 Wis.2d 398, 369 N.W.2d 663, 667 (1985); *Lane v. Aetna Casualty & Sur. Co.,* 48 N.C.App. 634, 642, 269 S.E.2d 711, 715 (1980); *Greenville Hosp. Sys. v. Smith,* 269 S.C. 653, 656, 239 S.E.2d 657, 658–59 (1977).

Here, the Florida judgment expressly excluded medical expenses from Sally Ann Bolle's recovery amount. On these facts, DHS cannot recover based upon the above authorities.

B. There is another reason we cannot agree with the argument that DHS should prevail in its claim against the conservatorship merely because sufficient funds are available. This argument presupposes the validity of the DHS claim. The common law of this state does not require a public assistance recipient to reimburse the State. *In re Estate of Frentress,* 249 Iowa 783, 787–88, 89 N.W.2d 367, 369 (1958). Iowa Code section 249A.5 seems to codify that view stating "medical assistance paid to, or on behalf of, a recipient or paid to a provider of services is not recoverable unless the assistance was incorrectly paid." The legislature has enacted specific exceptions to this common-law principle as shown by Iowa Code section 249A.6 which allows only a limited right of subrogation to DHS. We indicated in division II that because Sally did not have a claim against the tortfeasor for medical care or expenses, DHS had no subrogation rights against the proceeds of the Florida judgment placed in the Iowa conservatorship. We, therefore, affirm the trial court's dismissal of the DHS claim in the probate proceeding.

IV. *Disposition.* The Department of Human Services makes a strong argument for this state's adoption of a more expansive medical assistance subrogation theory when assistance has been provided to minors whose recovery against a third party does not include medical expense. The approach urged by DHS focuses on the secondary purpose of the subrogation provision which is to conserve public funds, the primary purpose being to prevent a double recovery. The appropriate forum for the argument in favor of expansion of the present limited right of reimbursement against minors is the legislature and not the courts.

In summary, we affirm the trial court's ruling in both the declaratory judgment and probate proceedings denying the DHS claim for subrogation under the facts of this case.

AFFIRMED.