Kathryn SCOTT and Donald Walter Scott, Jr., Individually, and Kathryn Scott and Donald Walter Scott, Jr., As Conservators for Donald Walter Scott III and Deanne Scott, Minors, Appellees,

v.

STATE of Iowa ex rel. DEPARTMENT OF HUMAN SERVICES, Appellant.

No. 88–667.

Supreme Court of Iowa.

April 19, 1989.

Rehearing Denied May 12, 1989.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for appellant.

Theodore T. Duffield and Douglas A. Haag of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, and Edward T. Harvey, Jr. of Mullin, Mullin & Harvey, Creston, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

After a three-year-old child was severely injured in a farm-related accident, the department of human services provided medical assistance benefits for his care and treatment. A later tort action brought on behalf of the child was settled. This suit concerns the extent of the department's right to recoup from the settlement proceeds. The department contends it is entitled to recover the full amount of benefits it provided. The trial court allowed only the lesser amount which was designated in the settlement as reimbursement for past medical expenses. Under the special facts here we agree with the trial court.

The child, Donald Walter Scott III (Donnie), suffered severe and permanent injuries when he fell into a pit filled with hog

excrement and became completely submerged. There was serious brain damage; he is expected never to live self-sufficiently or to mature past the level of a ten-year-old. To obtain necessary care and treatment for Donnie, his parents received benefits from the department totaling $258,835.51.

The tort suit was brought against the owner of the real estate where the pit was located and against those in control of it, as well as the baby-sitter who was caring for Donnie at the time. The suit against most defendants was eventually settled for $625,000, which represented the maximum liability insurance coverage for the settling defendants.

The settlement agreement specified that $88,750 of the total was for past medical expenses; the remainder was for other forms of damages. The agreement stated that a jury might have allowed a total award in excess of $1,800,000. Donnie's parents, as his conservators, agreed to obtain court approval for the settlement. Although the record furnished in this appeal does not show this approval there is no claim it was not obtained.

An attorney for the department was informed in detail about the suit at all stages. He was invited to and did participate during the settlement negotiations. He was present at the meeting when the settling parties placed that agreement in final form and the settlement was concluded.

The department then made a claim against the settlement proceeds, asserting it was subrogated for the entire $258,835.51 in medical assistance benefits it had paid. Donnie's parents, who are plaintiffs in this suit, insist that the amount of subrogation should be limited to $88,750, the amount of the settlement proceeds designated as reimbursement for past medical expenses.

Issue was joined after plaintiffs filed this declaratory judgment action. Plaintiffs then filed a motion for summary judgment. In granting it the trial court held that the department's right of subrogation was limited to $88,750, as urged by Donnie. On the department's appeal our scope of review is de novo. Iowa R.App.P. 4.

I. The department contends there were disputed issues of fact so that summary judgment was inappropriate. On the other hand the department also urges it was itself entitled to summary judgment, claiming there were no issues of material fact. There is no merit in the assignment. The case is controlled by an interpretation of statutory and case law.

II. The department's subrogation rights proceed from Iowa Code section 249A.6(1) (1987). It states in part:

When payment is made by the department for medical care or expenses through the medical assistance program on behalf of a recipient, the department is subrogated, to the extent of those payments, to all monetary claims which the recipient may have against third parties as a result of the medical care or expenses received or incurred.

We interpreted this provision in *Department of Human Services v. Brooks*, 412 N.W.2d 613, 614–15 (Iowa 1987). *Brooks* also involved a subrogation claim by the department. The case arose after a four-year-old girl had been struck by a car in Florida. The department paid out $24,198.14 for her medical expenses. The girl's parents and her guardian brought a personal injury suit against the car driver. Prior to trial the parents, for reasons of strategy, dismissed the damage claim for medical expenses and the case was so submitted to the jury. There was a $200,000 verdict for the girl.

On appeal we rejected the department's subrogation claim. We noted there was no common-law obligation for a public assistance recipient to reimburse the public for benefits. *Id.* at 614. Iowa Code section 249A.6(1) is the legislature's limited response to the common law rule. 441 Iowa Admin.Code 75.4(3)(f) is a further response. It states:

The recipient, or one acting on the recipient's behalf, shall refund to the department any settlement or payment received, that is intended to cover any

medical expenses that would otherwise be paid by medical assistance.

In *Brooks* we pointed out that, under the statutory scheme, the State can choose but one of two avenues when it seeks to recoup medical assistance benefits in situations where legal liability for injury rests with another. The first avenue is a direct action against the tortfeasor. The other avenue is a claim against the settlement or judgment proceeds. *Brooks*, 412 N.W.2d at 615. In *Brooks* (as in this case) the department chose the second avenue but we rejected its claim because none of the award was intended to compensate for medical care and expenses. *Id.* at 616.

The Scotts rely on our holding in *Brooks*, contending the department's subrogation rights are clearly limited by the statute to recovery of amounts which are intended to compensate for medical expenses. The department challenges this view, claiming it is contrary to the second sentence of section 249A.6(1), which states:

A compromise, including but not limited to a settlement, waiver or release, of a claim to which the department is subrogated under this section does not defeat the department's right of recovery except pursuant to the written agreement of the commissioner or the commissioner's designee or except as provided in this section.

Because the commissioner did not agree to this settlement in writing the department insists it was not binding on the department.

We think the department misreads the sentence on which it relies, which we believe to be entirely consistent with our holding in *Brooks*. The language ("does not defeat the department's right of recovery") merely preserves the department's right under the first avenue to proceed directly against the tortfeasor.

The trial court correctly computed the part of the settlement to which the department was subrogated.

We do not suggest that settling plaintiffs may ride roughshod over the department's rights of subrogation through collusion or by assigning unreasonable allocations to the medical share of settlements. It is significant that the department here was fully apprised of the settlement and that the settlement provided for court approval.

III. The department also challenges the trial court's application of Iowa Code section 249A.6(4). It provides:

If a recipient of assistance through the medical assistance program incurs the obligation to pay attorney fees and court costs for the purpose of enforcing a monetary claim to which the department is subrogated under this section, upon the receipt of a judgment or settlement of the claim, the court costs and reasonable attorney fees shall first be deducted from the judgment or settlement. One-third of the remaining balance shall then be deducted and paid to the recipient. From the remaining balance, the claim of the department shall be paid. Any amount remaining shall be paid to the recipient.

The department would apply the provision to the total recovery, rather than limiting it to the portion to which the State is subrogated. The department also contends the subrogation amount should not be subject to the payment of attorney fees.

■ As the trial court correctly noted, we must "apply the law as it is written since the language is clear." The statute is clear and unambiguous. From the $88,750 to be recovered there must first be allocated and paid over toward plaintiff's attorney fees the amount customary for obtaining this portion of the settlement (plus court costs). One-third of what remains must be paid over to the recipient. The legislature enacted the provision perhaps to encourage parties such as these plaintiffs to seek recoveries for medical expenses. In this sense it is not, as the department contends, a double recovery for plaintiffs. What remains (approximately $39,000) is to be paid over to the State. The trial court was correct in so holding.

AFFIRMED.