**STATE of Iowa ex rel. IOWA DEPARTMENT OF HUMAN SERVICES, Appellee,**

v.

**Marlene Kay PIERCE and Timothy Craig Pierce, Appellants.**

No. 89–1189.

Supreme Court of Iowa.

Sept. 19, 1990.

Joe R. Sevcik of Legal Services Corp. of Iowa, Waterloo, and Martin J. Ozga of Legal Services Corp. of Iowa, Des Moines, for appellants.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

Defendants had been receiving public assistance but became ineligible when one of them inherited some property. Although defendants made timely and full disclosure, the State agency, through its own error, continued to pay benefits for two months.

The question is whether the agency can recover the two months' payments. The trial court held it can and we agree.

The benefits were in the form of aid to families with dependent children (AFDC). Defendants, Marlene Kay Pierce and Timothy Craig Pierce, began receiving AFDC benefits in 1986. In August of that year Marlene told her case worker she was to receive an inheritance. The case worker told Marlene to inform the department once she had done so.

Marlene received the inheritance on September 11, 1986, and, as instructed, informed the case worker. The case worker however did not, until October 17, 1986, request verification of the amount and date of receipt. Marlene promptly supplied the information. The Pierces' benefits were ended effective December 1, 1986. It is conceded that the payments in question were not prompted in any way by the Pierces, but resulted solely from agency error.

The department brought this action against the Pierces, seeking to recover $970.20, the amount of AFDC payments for October and November. We granted the Pierces' application for discretionary review from a district court judgment allowing the recovery.

The State does not cite, neither does it claim, any state or federal statutory authority for it to recover public assistance benefits paid in error. The action is based strictly on a common law theory.

In *Department of Human Services v. Brooks*, 412 N.W.2d 613 (Iowa 1987), we considered a contention by the department that it was entitled to recover from a tort damage award for public assistance it previously paid under the medical assistance Act, Iowa Code chapter 249A (1981). In *Brooks* we were concerned with a special statute, Iowa Code section 249A.6, which accords the department subrogation rights to any monetary claims which a recipient may have against third parties for the medical care or expenses involved.

Before addressing the department's subrogation claim under the statute we noted the crucial importance of the statute, stating there was no right for such recovery under common law. We said:

> The recipient of public assistance was not obligated at common law to reimburse the State for assistance provided. The State could not institute suit against the recipient or others to recover amounts expended for the recipient.

*Id.* at 614 (citations omitted).

The Pierces challenge the trial court holding on the basis of *Brooks*. They note there is no subrogation provision in Iowa Code chapter 239 (aid to dependent children) comparable to section 249A.6. The only recovery provided for the department in chapter 239 involved benefits procured through fraud. Iowa Code § 239.17.

The trial court correctly held that the Pierces overread our holding in *Brooks*. *Brooks* did not involve benefits paid in error. In *Brooks* there was nothing irregular in the way benefits were paid and received. The recipient in *Brooks* was fully eligible for the payments; and the question was whether the department was subrogated to damages later awarded privately for the same injuries. 412 N.W.2d at 614. *Brooks* is authority only for situations where the public assistance benefits were *properly* paid. When benefits have been properly paid there is no common law right provided to recoup them. There is ample authority for such a holding. *See* 79 Am.Jur.2d *Welfare Laws* § 93; Annotation *Reimbursement of Public for Financial Assistance to Aged Persons*, 29 A.L.R.2d 731 (1953). *Brooks* is not authority for situations where benefits are erroneously paid.

We hold the common law rule, providing no right for reimbursement from public assistance recipients, applies only to aid legitimately obtained and granted. Extending the rule as the Pierces would have it could have disastrous consequences. A computer error in the check-writing process could catapult a payee into a lottery-type winner, with nothing budgeted for the public treasury to cover the win.

We have considered and reject the Pierces' contention that the common law right of

recoupment has been revoked by statute or regulation.

We do not hold that, upon proper pleadings, there could never be a showing of waiver or estoppel by the State. Such a theory was not made an issue in this appeal.

AFFIRMED.