Jerry W. CALLAS, Sr.; Betty Callas; and Jerry W. Callas, Jr., by His Guardian, Jerry W. Callas, Sr., Appellees,

v.

CITY OF OTTUMWA, Iowa, and Rod Stevens, Appellees,

State of Iowa ex rel. Department of Human Services, Intervenor–Appellant.

No. 90–1424.

Supreme Court of Iowa.

Nov. 20, 1991.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for appellant.

Thomas M. Walter of Johnson, Hester & Walter, Ottumwa, for appellee Rod Stevens.

Marion H. Pothoven and Randall C. Stravers of Pothoven, Blomgren & Stravers, Oskaloosa, for appellee City of Ottumwa.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and SNELL, JJ.

LARSON, Justice.

Jerry W. Callas, Jr. was injured when his motorcycle collided with a police car owned by the City of Ottumwa and operated by officer Rod Stevens. Callas sued Stevens and the City for damages, which included substantial medical expenses. The Department of Human Services (DHS), which had paid in excess of $125,000 toward Callas' medical expense, filed a petition of intervention to assert its right of subrogation. *See* Iowa Code § 249A.6 (1987). The case was set for trial. Callas and the defendants settled the case prior to trial, but the settlement expressly provided that medical expenses were not included. Following an abbreviated trial, the court dismissed the DHS subrogation claim, and the DHS appealed. We reverse and remand.

Less than a week before the trial was scheduled to begin, the DHS's attorney was informed by the plaintiff's attorney that settlement was unlikely. Nevertheless, on the Saturday preceding the Tuesday trial date, Callas and the defendants settled. The settlement agreement expressly provided, however, that no payment for medical expenses was included; that matter was presumably reserved for trial. The DHS was not involved in the settlement negotiations, and its attorney did not learn of the settlement until the following Monday, the day before trial. The DHS, which had been only an interested spectator to that point, found itself in the position of having to establish the plaintiff's case of liability as well as its own claim for medical expense reimbursement.

The DHS's attorney immediately initiated a telephone conference with Judge Jenkins and opposing counsel to request time to analyze its position and prepare for its expanded trial role. The defendants resisted. The court denied the continuance, noting that the DHS had been in the case for approximately two years and should have been ready to proceed with the trial.

An abbreviated trial commenced the following day. The DHS presented a stipulation regarding its Medicaid payments for Callas, but it was unable to present evidence of the defendants' liability. On the defendants' motion, the court dismissed the subrogation claim, and the jury was discharged. The DHS's motion for new trial was denied.

The statutory basis for the DHS's right of subrogation, as of the time it filed its petition of intervention in 1988, provided:

When payment is made by the department for medical care or expenses through the medical assistance program on behalf of a recipient, the department is subrogated, to the extent of those payments, to all monetary claims which the recipient may have against third parties as a result of the medical care or expenses received or incurred. A compromise, including but not limited to a settlement, waiver or release, of a claim to

which the department is subrogated under this section does not defeat the department's right of recovery except pursuant to the written agreement of the commissioner or the commissioner's designee or except as provided in this section.

Iowa Code § 249A.6(1) (1987).

Under section 249A.6(1), the DHS has two means of recovering its medical assistance payments: (1) an action directly against the tortfeasor, or (2) a claim against a settlement or judgment recovered by the medical assistance recipient. 441 Iowa Admin.Code 75.4(2) ("The department may pursue its rights to recover [its Medicaid payments] either directly from any third party or from any recovery obtained by or on behalf of any medical assistance recipient."); *Bales v. Warren County*, 478 N.W.2d 398, 399 (Iowa 1991); *Scott v. State ex rel. Dep't of Human Servs.*, 438 N.W.2d 834, 836 (Iowa 1989); *Department of Human Servs. v. Brooks*, 412 N.W.2d 613, 615 (Iowa 1987).

The DHS argues that its claim was not against the tortfeasors but against the settlement proceeds, and the court erred in requiring it to prove anything more than the amount of its medical payments on behalf of Callas. Further, it argues, if its claim is one directly against the tortfeasor, it had not been informed of the settlement in time to prepare for trial, and the court's refusal to grant a continuance was an abuse of discretion.

The City and Stevens respond that the DHS chose the alternative of a direct action against the tortfeasor, rather than one against the proceeds. As a principal party in the litigation, they contend, the DHS was required to proceed with the trial as scheduled.

A 1989 amendment to Iowa Code section 249A.6(1) added language aimed at settlements, such as here, that omit recovery for the DHS's claims. This section now provides, in part:

A settlement, award, or judgment structured in any manner not to include medical expenses or an action brought by a recipient or on behalf of a recipient which fails to state a claim for recovery of medical expenses does not defeat the department's right of subrogation if there is any recovery on the recipient's claim unless the claim for recovery of medical expenses is barred by an applicable statute of limitation, or the legal representative of the medical assistance recipient does not represent the person or persons who have legal standing to bring the claim for recovery of medical expenses.

Iowa Code § 249A.6(1) (1991).

The DHS argues that this section permits it to recover against the proceeds of the settlement, even though the settlement omitted any payment for medical expense. Even assuming, however, that the 1989 amendment applies, the reimbursement the DHS sought was against the defendants themselves, not against the settlement fund. The petition of intervention demanded relief in this language:

WHEREFORE, this Petition intervenes in this action against the Defendants and demands *judgment against them* for the medical care and expenses paid on behalf of Plaintiff as a result of the actions of the Defendants and for the cost of this action.

(Emphasis added.)

If the settlement here had provided for medical reimbursement, the DHS might well be entitled to claim against the settlement proceeds under the 1989 amendment, even though it had elected to proceed directly against the defendants. This is not the case here, however, where the DHS elected to pursue the defendants directly, and the settlement did *not* include medical expenses. Our cases are quite clear in such cases that the settlement proceeds are not subject to the DHS claim. *Brooks* is one such case.

In *Brooks*, a minor child was injured in Florida, and the DHS provided medical assistance in his behalf. His parents sued in Florida for damages, including medical expenses. Prior to trial, the parents' claim for medical expense was withdrawn for strategic reasons, so none was included in

the verdict. The proceeds from the Florida suit were deposited in an Iowa conservatorship. The DHS filed a claim against the conservatorship for its subrogated medical payments. The district court disallowed the claim, and we affirmed on appeal. We held that the conservatorship assets were not subject to the subrogation claim of the DHS because the fund included nothing for medical expenses. *Brooks,* 412 N.W.2d at 616.

We believe that *Brooks* is controlling in this case on the issue of whether the DHS may proceed against the settlement fund, which includes no reimbursement for medical assistance. *Brooks* does not, however, deprive the DHS of its right to proceed in a direct action against the third party under the first alternative of section 249A.6(1). *See Scott,* 438 N.W.2d at 836.

In *Scott,* unlike *Brooks* and the present case, the DHS was aware of the settlement and its terms. In *Scott,* the DHS actively participated in the settlement negotiations which ended in an agreement providing for a recovery of only a portion of the medical expenses. The DHS later attempted to obtain an amount in excess of the medical reimbursement provided by the agreement. We held that the DHS's claim could not exceed the amount provided for medical reimbursement in the settlement agreement, noting:

> We do not suggest[, however,] that settling plaintiffs may ride roughshod over the department's rights of subrogation through collusion or by assigning unreasonable allocations to the medical share of settlements. It is significant that the department here was fully apprised of the settlement and that the settlement provided for court approval.

*Scott,* 438 N.W.2d at 836.

■ Here, where the principal parties settled the case only a few days after advising that a settlement was unlikely, informing the DHS of the settlement literally on the eve of trial, and attributing nothing to the medical expenses, we believe that minimal fairness required that the DHS be allowed sufficient time to prepare for trial. The principal attorneys in such cases, who

we have observed are "less than solicitous about the interests of a subrogee," *Ludwig v. Farm Bureau Mut. Ins. Co.,* 393 N.W.2d 143, 146 n. 2 (Iowa 1986), should be encouraged to include medical subrogees in the settlement negotiations when practicable. This would facilitate settlement of all claims at once and avoid the specter of fractionated settlements and trials.

We conclude that it was an abuse of the court's discretion to deny the DHS a continuance for a reasonable time to prepare for trial and its refusal to grant the continuance was an "[i]rregularity in the proceedings ... which prevented the [DHS] from having a fair trial...." Iowa R.Civ.P. 244(a). We reverse and remand for trial of the subrogation claim.

REVERSED AND REMANDED.