Patrick Scott BALES and Rhonda Bales,
Individually and as Next Friend of Dina
Marie Bales, a Minor, Plaintiffs,

v.

WARREN COUNTY, Iowa; Bob Sandy;
Ruth Hardin; Bill Anders; and
Don Berry, Appellees,

v.

STATE of Iowa, ex rel. DEPARTMENT
OF HUMAN SERVICES, Appellant.

No. 90–1067.

Supreme Court of Iowa.

Sept. 18, 1991.

As Amended on Denial of Rehearing
Dec. 3, 1991.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for appellant.

Carlton G. Salmons of Austin, Gaudineer, Austin, Salmons & Swanson, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

Patrick Scott Bales was injured in a motorcycle accident. Thereafter, the Iowa department of human services provided medical assistance benefits for Patrick's care and treatment because of his injuries. A later tort action brought by Patrick, his wife, and on behalf of his child, was settled except for the department's subrogation claim for the medical assistance benefits. *See* Iowa Code §§ 249A.3, 249A.6(1) (1987).

The present declaratory judgment action concerns the department's right to recoup from the settlement proceeds. The department contends it is entitled to recover the full amount of its claim. The district court ruled that the department's claim should be reduced by any comparative fault assigned to Patrick in the pending tort suit. The court also ruled that the claim should be

reduced by any attorney fees and court costs Patrick incurred in collecting it.

We agree that the department's claim should be reduced by any comparative fault assigned to Patrick. But we do not agree that the department's claim should be reduced by any attorney fees or court costs. So we affirm in part and reverse in part.

On March 22, 1987, Patrick sustained serious injuries in a motorcycle accident. While driving his motorcycle on a Warren County secondary road, Patrick failed to make a curve. He went off the opposite side of the road and into a ditch. His motorcycle flipped on top of him. In the accident Patrick's fifth thoracic vertebra was crushed and he was rendered a paraplegic.

A Life–Flight helicopter from Iowa Methodist Medical Center in Des Moines transported Patrick to the Center. A blood sample was taken from Patrick and tested. The test showed that his blood alcohol level was .170. This is above the legal limit for operating a motor vehicle. *See* Iowa Code § 321J.2.

Patrick underwent treatment at the Center. From there he was transferred to the University of Iowa Hospitals and Clinics. Later Patrick was transferred to Knoxville.

Patrick was unable to return to work as a carpenter. Pursuant to Iowa Code section 249A.3, the department paid Patrick's medical expenses which eventually totaled $48,981.13.

In January 1989 Patrick, his wife, and child filed a negligence action against Warren County, the individual members of the board of supervisors, and the county engineer. A month later the defendants answered, asserting comparative fault of Patrick as a defense.

Eventually the defendants settled with Patrick. During settlement negotiations the defendants' attorney tried—unsuccessfully—to negotiate an amount due the State. The State was adamant that it was entitled to every dollar it had paid Patrick. The defendants, of course, were seeking a lesser amount.

The defendants' attorney prepared a settlement and release agreement. The agreement was ultimately executed by Patrick and the defendants, and expressly excluded settlement of the department's claim.

The agreement provided that the defendants would hold Patrick and his attorneys harmless from any claim by the department for the medical payments. In the agreement Patrick and his attorneys assigned "all rights, claims, causes, credits or deductions for such attorney fees as they had, may have had, have or may have in the future against" the department arising from the lawsuit or by settlement of the suit under the agreement. The agreement obligated the defendants to pay those fees. By the express terms of the agreement the defendants were put in the same position as Patrick with respect to any settlement with the department.

The agreement also expressly provided that no past wrongdoing on the part of any party was to be implied by any payments. The agreement merely stated that disputed issues were being settled.

Later the Bales partially dismissed their action with prejudice in accordance with the settlement agreement. The only thing preserved was Patrick's claim for medical care and expenses totaling $48,981.13.

The same day the dismissal was filed, the defendants filed a "third-party petition in equity for declaratory judgment" action against the department. At the same time the defendants deposited the $48,981.13 with the clerk of court pursuant to Iowa Rule of Civil Procedure 37.

The third-party petition acknowledged that the department had paid Patrick's medical expenses of $48,981.13, to which the department was subrogated under Iowa Code section 249A.6(1). The petition recited that Patrick and the third-party plaintiffs (defendants in the original tort action) had reached a full and final settlement of all claims arising from the accident. The petition also recited that Patrick had assigned to such plaintiffs "any and all rights, claims or causes for attorney fees and costs" which Patrick might make

against the department under Iowa Code section 249A.6(4).

Finally, the petition made two legal assertions. First, because the department is subrogated to Patrick's legal position, the department's recovery must be reduced or barred entirely by Patrick's comparative fault. *See generally* Iowa Code ch. 668 (comparative fault statute). Second, pursuant to Iowa Code section 249A.6(4), the department is responsible for attorney fees and court costs incurred by Patrick.

The parties submitted this suit to the district court on stipulated facts. The district court concluded that section 249A.6 is a subrogation statute placing the department in Patrick's shoes as to the department's subrogation claim for $48,981.13. The court also concluded that the department's subrogation claim was subject to reduction for any comparative fault attributable to Patrick in the pending tort suit. Finally, the court concluded that the department was liable for the attorney fees and court costs Patrick incurred in recovering the subrogation claim. Later the district court entered a decree incorporating these conclusions. It is from this decree that the State appeals.

Our scope of review here is de novo. Iowa R.App. P. 4. There is no dispute as to the facts. The dispute is about the meaning of the law. Our task then is to interpret statutory and case law.

### I. *Reduction for Comparative Fault.*

■ The amount that the department is entitled to recover is governed by Iowa Code section 249A.6(1). The statute provides in part:

> When payment is made by the department for medical care or expenses *through the medical assistance program* on behalf of a recipient, the department is *subrogated,* to the extent of those payments, to all monetary claims which the recipient may have against third parties as a result of the medical care or expenses received or incurred.

(Emphasis added.) The statute expressly provides that the department's right to reimbursement depends on subrogation prin-

ciples. We said so in two cases. *See Scott v. Department of Human Servs.,* 438 N.W.2d 834, 835 (Iowa 1989); *Department of Human Servs. v. Brooks,* 412 N.W.2d 613, 614–16 (Iowa 1987).

Subrogation has been described as

> contemplat[ing] full substitution and plac[ing] the party subrogated in the shoes of the creditor. Generally speaking, the party subrogated acquires all the rights, securities, and remedies the creditor has against the debtor who is primarily liable.... His right of subrogation, although not superior to the rights of the original creditor, extends to the latter's rights, both direct and incidental.
>
> The rights to which the subrogee succeeds are the same as, but no greater than, those of the person for whom he is substituted. He cannot acquire any claim, security, or remedy the subrogor did not have. Moreover, the rights, claims, and securities to which he succeeds are taken subject to the limitations, burdens, and disqualifications incident to them in the hands of the party to whom he is subrogated, and subject to any defenses that might have been urged against the latter. Beyond this he has no right and no valid claim for protection.

73 Am.Jur.2d *Subrogation* § 106, at 665–66 (1974). This court has taken a similar view of subrogation. *See Kent v. Bailey,* 181 Iowa 489, 493–94, 164 N.W. 852, 853 (1917).

In *Kent v. Bailey,* this court discussed the origins of subrogation:

> The books agree that subrogation is not founded on contract or privity or strict suretyship, but is born of equity, and results from the natural justice of placing the burden where it ought to rest. The remedy depends upon the principles of justice, equity and benevolence to be applied to the facts of the particular case. It is of equitable origin, adopted to compel the ultimate discharge of a debt or obligation by him who in good conscience ought to pay it.... The remedy is to be administered according

to the established rules of equity juris-prudence.

*Id.*

In *Brooks* and *Scott,* we pointed out that under section 249A.6(1), the department has two options for enforcing its right to reimbursement. The department may either sue the tortfeasor directly or claim against the settlement or judgment. *Scott,* 438 N.W.2d at 836; *Brooks,* 412 N.W.2d at 615.

Here the department chose to claim against the settlement. This option presupposes that there has been a settlement as to medical expenses, the only element of recovery to which the department is subrogated under section 249A.6(1). Under the evidence here there clearly has been no settlement of the medical expenses. The settlement agreement leaves that element open and unresolved. So in the absence of any effort on the part of Patrick to enforce the claim for medical expenses, the department is left with two choices: pursue the claim against the tortfeasor or forego it. *Cf. Scott,* 438 N.W.2d at 835–36 (medical expense claim for $258,835.51 was settled for $88,750 in a total settlement of $625,-000; department was entitled to be subrogated to only $88,750 because it was fully apprised of the settlement and the court approved it); *Brooks,* 412 N.W.2d at 615 (department was not entitled to be subrogated to plaintiff's jury award for medical expenses it paid where plaintiff asserted no claim against the tortfeasor for such medical expenses).

If the department elects to pursue its claim against the tortfeasor directly, Patrick's degree of contributory fault will be a factor in determining what amount the State is entitled to recover. This is because under the earlier cited principles of subrogation, the department's right to the medical expense claim is subject to any defense that might be asserted against Patrick.

We see no inequity or injustice in this result because the department's subrogation interest is tantamount to a full ownership interest of the medical expense claim. Like the plaintiffs in *Scott* and *Brooks,*

Patrick was not obligated to pursue on the department's behalf a claim in which he had no financial interest.

The district court correctly concluded that the department's subrogation claim for $48,981.13 was subject to reduction for any contributory fault assigned to Patrick.

That brings us to the question whether the department's subrogation claim should be reduced by attorney fees and court costs allegedly incurred by Patrick in collecting the amount of such claim.

## II. *Reduction for Attorney Fees and Court Costs.*

■ Iowa Code section 249A.6(4) obligates the department to reimburse the recipient for attorney fees and court costs the recipient incurs in collecting the department's subrogation claim. The statute in existence at the time of Patrick's accident in 1987 provided:

> If a recipient of assistance through the medical assistance program incurs the obligation to pay attorney fees and court costs for the purpose of enforcing a monetary claim to which the department is subrogated under this section, upon the receipt of a judgment or settlement of the claim, the court costs and reasonable attorney fees shall first be deducted from the judgment or settlement. One-third of the remaining balance shall then be deducted and paid to the recipient. From the remaining balance, the claim of the department shall be paid. Any amount remaining shall be paid to the recipient.

(Emphasis added.)

We think the above italicized language requires the recipient to meet two conditions before the recipient is entitled to any attorney fees and court costs from the department's subrogation claim. First, the recipient must incur an obligation to pay attorney fees and court costs in enforcing the department's claim. And, second, through the efforts of the recipient and the recipient's attorney, the department must recover on its claim either by judgment or by settlement. *Cf. Scott,* 438 N.W.2d at

836 (interpreting Iowa Code section 249A.6(4); from the department's subrogation claim, "there must first be allocated and paid over toward plaintiff's attorney fees the amount customary for obtaining this portion of the *settlement* (plus court costs).") (emphasis added).

■ Because of the result we reach in division I, the department receives no recovery of its subrogation claim through the efforts of Patrick and his attorneys. There has been no judgment entered on the claim against the defendants and in favor of the department. Nor has there been any settlement of the claim. The department must still litigate its claim to realize anything on it. Clearly the conditions in section 249A.6(4), triggering payment of attorney fees and court costs from the subrogation claim, have not been met. For these reasons, we think the district court erred in concluding that the department's subrogation claim was subject to reduction for any attorney fees and court costs under section 249A.6(4).

### III. *Disposition.*

The department opted to recoup its subrogation claim for medical assistance benefits from the settlement proceeds. But there was no settlement as to the State's claim. In these circumstances the State must pursue its claim against the tortfeasor or forego it. If the State decides to pursue its claim, it may move in the tort suit to have itself substituted for Patrick and proceed to trial against the tortfeasor. In that event, the fact finder may consider Patrick's fault in determining what amount the State is entitled to recover. For these reasons, we affirm the district court's judgment on this issue.

Because the department received nothing on its subrogation claim from the settlement agreement between Patrick and the defendants, the claim is not to be reduced by attorney fees and court costs under Iowa Code section 249A.6(4). The district court's judgment to the contrary must be reversed.

AFFIRMED IN PART AND REVERSED IN PART.