Johnie L. HILL, Kimberly K. Hill, and Johnie L. Hill, Jr., and Jessica L. Hill, by Their Mother and Next Friend, Kimberly K. Hill, Appellees,

v.

STATE of Iowa, DEPARTMENT OF HUMAN SERVICES, Appellant.

No. 91-1297.

Supreme Court of Iowa.

Dec. 23, 1992.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for appellant.

Timm W. Reid and Michael J. Galligan of Michael J. Galligan Law Firm, P.C., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO, and ANDREASEN, JJ.

LAVORATO, Justice.

Johnie L. Hill—a minor—was injured in a motorcycle accident. He eventually received $1330.73 in medical assistance benefits from the Iowa department of human services for care and treatment of his injuries. He and his family eventually settled their claims against the tortfeasor for $20,-000.

The present declaratory judgment action is about the department's right to recoup its subrogation claim for the $1330.73 from the settlement proceeds under Iowa Code section 249A.6 (1991). Because of a recent amendment to section 249A.6, the department believes it is entitled to recover all of the $1330.73. In denying the department's motion for summary judgment, the district court ruled that under Iowa Code section 249A.6(4), the $1330.73 subrogation claim should first be reduced by any attorney fees and court costs the Hills incurred in collecting it. We agree with the district court and affirm.

In the motorcycle accident, Johnie sustained serious injuries to his left ankle and foot. Eventually Johnie's case against the tortfeasor was settled for $20,000, the limits of the tortfeasor's liability policy. Johnie had received $1330.73 in Title XIX Medicaid assistance benefits from the department for the care and treatment of his injuries. In the settlement against the tortfeasor, this amount was allocated to medical expenses. There is no dispute that Johnie's injuries exceeded this amount.

Once Johnie's case was settled, the department demanded $1330.73 in subrogation under section 249A.6 for its medical assistance benefits to Johnie. Later the Hills brought this declaratory judgment action against the department. The suit alleges that under section 249A.6 the department should pay from its subrogation claim of $1330.73 reasonable attorney fees and costs incurred in procuring the settlement.

The department moved for summary judgment, claiming it was entitled to the full amount of its subrogation claim without any reduction for attorney fees and costs. The district court disagreed and denied the motion. The department appealed.

■ Summary judgment is proper under Iowa Rule of Civil Procedure 237 only when the record reveals no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Hofco, Inc. v. National Union Fire Ins. Co.*, 482 N.W.2d 397, 400 (Iowa 1992). There is no fact question if the only conflict is about the legal consequences flowing

from undisputed facts. *Id.* In these circumstances summary judgment is the proper vehicle to test the validity of a claim. *Id.* Because the facts here are undisputed, we need only decide whether the district court properly applied the law.

I. Before proceeding to the merits, we think it would be instructive to review the statutory history and case law concerning Iowa Code section 249A.6. At common law the recipient of public assistance was not obligated to reimburse the State for assistance provided. *State ex rel. Iowa Dep't of Human Servs. v. Brooks*, 412 N.W.2d 613, 614 (Iowa 1987). For this reason, the State could not sue recipients or others to recover amounts expended for the recipient. *Id.* As part of the Social Security Act, Congress established an entitlement program for the medically needy. 42 U.S.C. § 1396a(a); *Brooks*, 412 N.W.2d at 614. The program is a joint one between the federal government and the states. Under the program a state must enforce its right of subrogation against persons legally liable to the benefit recipient for medical expenses incurred as a result of that liability. 42 U.S.C. § 1396a(a)(25); *Brooks*, 412 N.W.2d at 614.

Iowa Code section 249A.6 was enacted to implement this requirement. As originally passed this provision provided in pertinent part:

> When payment is made by the department for medical care or expenses through the medical assistance program on behalf of a recipient, the department is subrogated, to the extent of those payments, to all monetary claims which the recipient may have against third parties as a result of the medical care or expenses received or incurred.

Iowa Code § 249A.6(1) (1987).

In *Brooks* we were called upon to interpret section 249A.6 for the first time. We said that under the statutory scheme

> the state proceeds down one of two avenues for the recovery of medical assistance benefits paid for an individual when the legal liability for the injury rests with another individual: (1) action

directly against the tortfeasor; or (2) claim against the settlement or judgment recovered by the medical assistance recipient.

*Brooks*, 412 N.W.2d at 615.

In *Brooks* only the personal injury claim of the minor was submitted to the jury which returned a verdict for the minor in the amount of $200,000. The parents' claim for medical expenses was not submitted. This claim, amounting to $24,198.14, consisted of the medical assistance benefits from the department. We concluded that the department was not entitled to be subrogated to the $200,000 verdict for its medical assistance benefits. In reaching that conclusion we said:

> When a statute is clear on its face, we need not refer to rules of statutory construction to give the statute effect. The terms of Iowa Code section 249A.6 are clear: "... [T]he department is subrogated ... to all monetary claims which the recipient may have against third parties *as a result of the medical care or expenses received or incurred.*" This language guided the department in its adoption of a rule that states: "The recipient ... shall refund to the department *any settlement or payment received,* that is *intended to cover any medical expenses that would otherwise be paid by medical assistance.*" In order for [the department] to be subrogated to a recipient's recovery in a tort action, it must be intended that a portion of the recovery compensate the recipient for medical care and expenses.

*Brooks*, 412 N.W.2d at 616 (citations omitted).

Because the minor in *Brooks* asserted no claim against the tortfeasor for her medical expenses, we reasoned that no part of the recovery was intended to cover the medical expenses paid by the department. For this reason we concluded that the department had no chapter 249A subrogation right against the general judgment of $200,000 recovered for the minor's personal injuries.

Our next encounter with Iowa Code section 249A.6 came in *Scott v. State ex rel. Iowa Dep't of Human Servs.*, 438 N.W.2d

834 (Iowa 1989). In *Scott* the recipient had received $258,835.51 in medical assistance benefits from the department. The recipient's personal injury suit against several defendants was settled for $625,000 which represented the maximum liability insurance coverage for the settling defendants. The settlement agreement earmarked $88,750 of the total for past medical expenses; the remainder was earmarked for other items of damages. The agreement acknowledged that a jury might have allowed a total award in excess of $1.8 million. The department's attorney was kept apprised of all settlement negotiations. He was present when the final settlement figure was agreed upon. Nevertheless, the department later made a claim against the total settlement proceeds for the entire $258,835.51 in medical assistance benefits it had paid.

In holding against the department, we again said that section 249A.6(1) limits the department's subrogation rights to recovery of amounts that are intended to compensate for medical care and expenses. *Scott,* 438 N.W.2d at 836. In this case the lesser amount of $88,750 earmarked in the settlement agreement was intended to compensate for medical expenses. So we limited the department's subrogation rights to this amount. *Id.*

In *Scott,* the department also challenged the district court's application of Iowa Code section 249A.6(4) to its $88,750 subrogation claim. Section 249A.6(4) provided at that time as it does now:

> If a recipient of assistance through the medical assistance program incurs the obligation to pay attorney fees and court costs for the purpose of enforcing a monetary claim to which the department is subrogated under this section, upon the receipt of a judgment or settlement of the claim, the court costs and reasonable attorney fees shall first be deducted from the judgment or settlement. One-third of the remaining balance shall then be deducted and paid to the recipient. From the remaining balance, the claim of the department shall be paid. Any amount remaining shall be paid to the recipient.

Iowa Code § 249A.6(4) (1991). We held that section 249A.6(1) should be limited to the portion to which the department is subrogated. We also held that under section 249A.6(4) the subrogation amounts, rather than the total recovery, should be subject to the payment of attorney fees and costs. *Scott,* 438 N.W.2d at 836. We said this about section 249A.6(4):

> The statute is clear and unambiguous. From the $88,750 to be recovered there must first be allocated and paid over toward plaintiff's attorney fees the amount customary for obtaining this portion of the settlement (plus court costs). One-third of what remains must be paid over to the recipient. The legislature enacted the provision perhaps to encourage parties such as these plaintiffs to seek recoveries for medical expenses. In this sense it is not, as the department contends, a double recovery for plaintiffs. What remains (approximately $39,000) is to be paid over to the State.

*Id.*

We revisited Iowa Code section 249A.6 in *Bales v. Warren County,* 478 N.W.2d 398 (Iowa 1991). In *Bales* a tort action by the recipient of medical assistance benefits was settled. The settlement agreement expressly excluded the department's subrogation claim for the medical assistance benefits. The agreement, however, did obligate the defendants to hold the recipient and his attorneys harmless from any claim by the department for the medical assistance benefits. In these circumstances, we said that the department was left with two choices: pursue a subrogation claim against the tortfeasor or forego it. If the department chose to pursue its subrogation claim, we concluded such claim would be subject to reduction for contributory fault assigned to the recipient under the principles of Iowa's comparative fault statute. *See Bales,* 478 N.W.2d at 401.

The department did, however, prevail on one issue in *Bales.* We concluded that the department's subrogation claim would not be subject to any of the recipient's attorney fees and costs. We reached this conclusion

because the recipient had neither incurred an obligation to pay such fees and costs, nor had the department recovered on its claim through the recipient's efforts. We said section 249A.6 requires the recipient to satisfy both of these conditions to trigger the department's obligation to pay attorney fees and costs under the statute. *Id.* at 401–02.

Against this backdrop we proceed to consider the merits.

II. Iowa Code section 249A.6(1) was amended in 1989. *See* 1989 Iowa Acts ch. 111, § 1. It now pertinently provides that

> [w]hen payment is made by the department for medical care or expenses through the medical assistance program on behalf of a recipient, *the department is subrogated, to the extent of those payments, to all monetary claims which the recipient may have against third parties.*

Iowa Code section 249A.6(1) (1991) (emphasis added). The 1989 amendment struck from the old statute the following language after the word "parties" in the last line: "as a result of the medical care or expenses received or incurred."

The amendment then added the following pertinent language:

> A settlement, award, or judgment structured in any manner not to include medical expenses or an action brought by a recipient or on behalf of a recipient which fails to state a claim for recovery of medical expenses does not defeat the department's right of subrogation if there is *any* recovery on the recipient's claim unless [there are certain conditions not applicable here].

1989 Iowa Acts ch. 111, § 1.

■ We agree with the department that the deletion of the words "as a result of the medical care or expenses received or incurred" and the addition of the new language makes it clear that the department is now subrogated to the extent of its payments to *all* monetary claims the recipient may have against third parties. Obviously, the amendment was passed in response to *Brooks.* In amending section 249A.6(1),

the legislature clearly intended to prevent third parties from circumventing the department's subrogation claim by explicitly excluding the claim from any settlement or by not submitting the claim to the fact finder. In those circumstances before the amendment, the department's claim would go unpaid unless the department pursued a direct action against the tortfeasor. Now the department is subrogated to the total amount of the settlement, no matter how structured, and to the total amount of any verdict regardless of whether the department's claim is submitted to the fact finder.

■ For reasons that follow, we reject the department's contention that the amendment somehow changes the allocation under Iowa Code section 249A.6(4) for attorney fees and costs. The 1989 amendment was limited to section 249A.6(1) and said nothing about section 249A.6(4). The language of section 249A.6(4) remains unchanged from what it was when we first interpreted it in *Scott.* Under section 249A.6(1), the department is entitled to no more than what it paid. That is the extent of its subrogation claim. Under section 249A.6(4) this subrogation claim, rather than the recipient's total recovery, is subject to the payment of attorney fees and costs. *Scott,* 438 N.W.2d at 836. So the allocation under section 249A.6(4) we set out in *Scott* still stands. *See Scott,* 438 N.W.2d at 836.

According to this allocation, from the department's subrogation claim of $1330.73, there must first be allocated and paid over toward the Hills' attorney fees the amount customary for obtaining this portion of the settlement (plus court costs). One-third of what remains must be paid over to the Hills. The balance of the subrogation claim belongs to the department.

We see nothing in the recent amendment suggesting the legislature intended that the department should be relieved of its obligation to pay its fair share of attorney fees and costs incurred by a recipient in enforcing the department's subrogation claim. The district court was correct in reaching the same conclusion.

We agree with the Hills that the recent amendment merely increased the fund to which the department may look to enforce its subrogation claim. The amendment, however, did not broaden the department's claim.

III. Because the district court correctly applied the law to the undisputed facts, we affirm its ruling denying the department's motion for summary judgment. We remand this case for further proceedings consistent with this opinion.

AFFIRMED.